POTTER HANDY, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162; Fax (760) 480-4170
mark@potterhandy.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY TAYLOR,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE, LLC; and DOES 1 - 10<br><br>　　　　Defendants. | Case No.: 09-CV-1755-JAH (POR)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER;**<br><br>(1) **TRUTH IN LENDING ACT;**<br>(2) **PERATA MORTGAGE RELIEF ACT**<br>(3) **UNFAIR BUSINESS PRACTICES ACT;**<br><br>**DEMAND FOR JURY** |

Plaintiff GARY TAYLOR complains of Defendants, GMAC MORTGAGE, LLC and DOES 1- 20 (hereinafter referred to as "Defendants") and allege:

### I. PRELIMINARY STATEMENT

1. This Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601 (hereinafter called "TILA") to enforce the plaintiff's right to rescind a consumer credit transaction, and to void the Defendant's security interest in the Plaintiffs' home.

### II. RELEVANT FACTS

2. At all times material in this Complaint, Plaintiff Gary Taylor was the

owner of the single family residence, located at and numbered 518 Larchwood Drive, San Marcos, California. Said real property, hereinafter "PROPERTY", is the subject of this suit and all claims made herein are based upon the purchase and ownership of said PROPERTY in the names of the Plaintiff.

3. On or about March 31, 2006, the plaintiff entered into a refinance loan transaction with Equity 1 Lenders Group. Equity One subsequently sold the loan to the Defendants. Defendant GMAC Mortgage holds or represents itself as the current owner of the note and deed of trust that comprise that loan transaction.

4. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the PROPERTY, or their relative responsibilities in causing the violations of law herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

5. When the loan transaction was entered into, Mr. Taylor received a Notice of Right To Cancel as required under the Truth in Lending Act but the Notice was not completed and provided no expiration date. On December 30, 2008, the plaintiff rescinded the loan transaction by having his attorneys send to both the originating lender (Equity 1) and GMAC by U.S. Mail, postage prepaid, certified mail, return receipt requested, a notice of rescission addressed to the addresses provided by the defendants for sending rescission notices.

6. On January 14, 2009, GMAC responded to the plaintiff's attorneys and contested the plaintiff's right to rescind, arguing that it "found no basis to conclude that there were any material disclosure errors that would give rise to an extended right of rescission." More than 20 calendar days have passed since the Defendants received copies of the Plaintiffs' notices of rescission and they have failed to take any action

necessary or appropriate to reflect the termination of any security interest created under the transactions as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

7. The Defendants have failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendants, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2). Moreover, they failed to even offer the opportunity to engage in mutual tender obligations and flatly contested the rescission right.

8. By refusing to honor – or even acknowledge – Mr. Taylor's right to rescind, and by moving forward with non-judicial foreclosure efforts, and by continuing to report negative payment information to the credit reporting agencies (thereby destroying Mr. Taylor's ability to refinance), Mr. Taylor was forced to hire attorneys, file the instant lawsuit, and, ultimately, to file for Chapter 13 bankruptcy protection. This has resulted in significant emotional distress, actual damages and other loss.

## I. FIRST CAUSE OF ACTION
## TRUTH IN LENDING ACT

9. The allegations contained in all previous paragraphs are realleged and incorporated herein by reference.

10. On or about March 31, 2006, Plaintiff entered into a consumer credit transaction (hereinafter ''the transaction'') with Defendants or their predecessors in interest in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendants or their predecessors in interest.

11. As part of this consumer credit transaction, the Defendants retained a security interest in the PROPERTY, which is Plaintiffs' home.

12. The security interest was not created to finance the acquisition or initial construction of Plaintiff's home.

13. This consumer credit transaction was subject to the Plaintiffs' right of

rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

14. In the course of this consumer credit transaction, Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

15. On December 30, 2008, Mr. Taylor rescinded the loan but the Defendants have failed to honor the plaintiff's rescission rights under the Truth in Lending Act. Plaintiff was willing and able at the time of rescission to honor his legitimate tender obligations under TILA and Regulation Z.

## II. SECOND CAUSE OF ACTION
## PERATA MORTGAGE RELIEF ACT (California Civil Code § 2923.5)

16. The allegations contained in all previously numbered paragraphs are realleged and incorporated herein by reference.

17. Plaintiff's loans were executed between January 1, 2003 and December 21, 2007. The notice of default and/or notice of trustee sale was recorded after September 6, 2008.

18. California Civil Code section 2923.5, passed on July 8, 2008 and made effective on September 6, 2008, states that it is the public policy of the State of California to mitigate the detrimental effects of the current foreclosure crises in this state. The statute requires all lenders and servicers with loans originated in the State of California, such as the subject loan here, to make good faith efforts to explore alternatives to the drastic remedy of foreclosure, such as loan modifications, prior to the right to take any action to foreclose on a loan.

19. Defendants failed and refused to explore Mr. Taylor's financial situation and failed to discuss options to avoid foreclosure with the Plaintiff and instead moved forward with its efforts to foreclose. The failure and refusal of the Defendants to

comply with the statutory pre-requisites negates its legal right to foreclose on the subject property. The acts and omissions of the Defendants in violation of this Statute have caused economic injury and severe emotional distress to the Plaintiff.

20. As a direct and proximate result of the alleged violations, Plaintiff was and continues to be damaged in an amount according to proof but not yet fully ascertained, including, without limitation, statutory damages, consequential damages and all amounts paid in connection with the transaction.

### III. THIRD CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES ACT

21. The allegations contained in all previously numbered paragraphs are realleged and incorporated herein by reference.

22. The Defendants violated the Truth in Lending Act, the Perata Mortgage Relief Act, and a variety of other California codes and statutes including those alleged above.

23. Defendants' acts and omissions alleged herein are a violation of both statutory requirements and public policy and, therefore, constitute a violation of Business and Professions Code sections 17200 et seq.

24. The Plaintiff has suffered injury in fact because of these violations.

25. Plaintiff seeks restitution and injunctive relief.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. Declare the security interest in Plaintiff's home void;

2. Rescind the transaction identified in the above complaint;

3. Order Defendants to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such

1  security interests void, including but not limited to the related mortgages or deeds of
2  trust;
3      5. Order the return to the Plaintiff of any money or property given by the
4  Plaintiff to anyone, including the Defendants, in connection with the transaction;
5      6. Enjoin Defendants during the pendency of this action, and permanently
6  thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the
7  Plaintiff's property, from recording any deeds or mortgages regarding the property or
8  from otherwise taking any steps to deprive Plaintiff of ownership of that property;
9      7. Award actual damages in an amount to be established at trial;
10     8. Restitution and disgorgement of all ill gotten gains.
11     9. Award the Plaintiff costs and a reasonable attorney fee as provided under the
12  statutes alleged above.
13     10. Award such other and further relief as the Court deems just and proper

Dated: November 12, 2009             POTTER HANDY, LLP

                                     By:   /s/ Mark D. Potter
                                          MARK D. POTTER
                                          Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: November 12, 2009             POTTER HANDY, LLP

                                     By:   /s/ Mark D. Potter
                                          MARK D. POTTER
                                          Attorneys for Plaintiffs

# PROOF OF SERVICE

TAYLOR V. GMAC MORTGAGE, LLC     Case # 09CV1755 JAH (POR)

I, the undersigned, am over the age of eighteen years and am resident of San Diego County, California; I am not a party to the above-entitled action; my business address is 100 East San Marcos Blvd., Suite 400, San Marcos, California, 92069.

On November 13, 2009 I served the following document(s):

**FIRST AMENDED COMPLAINT**

Addressed to:
Thomas N. Abbott, Esq.
PITE DUNCAN LLP
4375 Jutland Dr., Ste 200
San Diego, CA 92117

- ☐ BY MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Marcos, California.
- ☐ BY FACSIMILE: In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.
- ☐ BY OVERNITE EXPRESS: I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Marcos, California.
- ☐ BY PERSONAL SERVICE: I caused said documents to be personally served on all listed recipients via Diversified Legal Services.
- ☑ BY ELECTRONIC MAIL TRANSMISSION: via the United States District Court, Southern District of California's CM/ECF system. I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

Executed on November 13, 2009 from San Marcos, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Lauren Whitehead

PROOF OF SERVICE