UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY TAYLOR, an individual<br><br>　　　　　　Plaintiff,<br>v.<br><br>GMAC MORTGAGE, LLC;<br>and DOES 1-10,<br><br>　　　　　　Defendants. | Civil No. 09cv1755 JAH (POR)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [Doc. No. 7]** |

## INTRODUCTION

Pending before the Court is the motion to dismiss Plaintiff's complaint filed by Defendant GMAC Mortgage, LLC ( "Defendant").  The motions have been fully briefed by the parties.  After a thorough review of the parties' submissions, and for the reasons set forth below, the motions are GRANTED IN PART.  This Court also *sua sponte* DISMISSES Plaintiff's claims pursuant to the Truth In Lending Act. 15 U.S.C. § 1635 ("TILA").

## BACKGROUND

**1.    Factual Background**

On March 31, 2006, Plaintiff entered into a refinance loan transaction on his residence located at 518 Larchwood Drive, San Marcos, California with Equity 1 Lenders Group. First Amended Complaint ("FAC") ¶¶ 2-3.  During the transaction, Plaintiff received Notice of Right To Cancel as required under the TILA but the Notice was not

completed and the document did not include an expiration date of the right to cancel. FAC ¶ 5. Defendant subsequently purchased the note and deed of trust that comprised the refinance loan transaction. FAC ¶ 3. Apparently, Plaintiff initially made regularly scheduled payments but sometime thereafter, Plaintiff defaulted on the loan. On December 30, 2008 Plaintiff sent Defendant a notice of rescission. FAC ¶ 5. Defendant responded on January 14, 2009, and contested Plaintiff's right to rescission, arguing that it found no basis to conclude that there were any material disclosure errors that would give rise to an extended right of rescission. FAC ¶ 6. A couple of months later, Defendant commenced non-judicial foreclosure efforts, reporting negative payment information to the credit reporting agencies. FAC ¶ 8. Plaintiff then filed for Chapter 13 bankruptcy protection. FAC ¶ 8.

**2.  Procedural History**

Plaintiff filed his complaint on July 14, 2009. Plaintiff alleges that Defendant violated the (1) TILA and Federal Reserve Regulation Z, 12 C.F.R §226 by failing to provide a completed "Notice of the Right to Cancel" that did not include a date of expiration of the right to cancel; (2) Perata Mortgage Relief Act, California Civil Code §2923.5 ("Perata") by failing to make good faith efforts to explore alternatives to the remedy of foreclosure; and (3) California's Unfair Competition Law, California Business and Professions Code §17200 at seq. ("UCL"), because Defendant's TILA and Perata violations support a §17200 cause of action.

On March 22, 2010, Defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On March 22, 2010, Plaintiff filed an opposition to the motion. Defendant did not file a reply brief. This Court subsequently took the motion under submission without oral argument. See CivLR 7.1(d.1).

//
//
//

## DISCUSSION

I.   **Legal Standard**

A. *Sua Sponte* **Dismissal Under Fed. R. Civ. P. 12(h)(3)**

The court must dismiss an action, if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The justiciability of a claim is a jurisdictional question and may therefore be raised by the court *sua sponte*. Demille v. Belshe, 1995 WL 23636 *1(N.D. Cal.) (citing California Energy Resources Conservation & Development Commission v. Johnson, 783 F.2d 858, 864 (9th Cir. 1986) ("That the parties have not questioned the ripeness of an issue does not preclude the court from reaching the question of ripeness.") Id. Ripeness prevents the court from premature adjudication and from deciding theoretical questions. State of California v. Federal Energy Regulatory Commission, 966 F.2d 1541, 1562 (9th Cir. 1992).

**B. Failure To State A Claim Under Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-

conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

**II.    Analysis**

**A. Justiciability**

Plaintiff alleges in his FAC that, during the loan transaction, he was not provided with a completed Notice of Right to Cancel, and, based on that failure, he is entitled to rescission under the TILA. FAC ¶¶ 5, 13-14. Plaintiff alleges he sought to enforce his right to rescind the loan contract by giving Defendant notice. FAC ¶¶ 5, 15. After Defendant contested Plaintiff's request for rescission, Plaintiff alleges that Defendant violated the TILA by refusing to honor his right to rescission. FAC ¶ 15.

In response to Defendant's motion to dismiss, Plaintiff maintains he is not suing

for loan transaction violations, and is rather suing Defendant for failing to honor rescission. Doc. No. 8 at 6.

A borrower's mere assertion of the right to rescind does not automatically void the contract. Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2002). Until the lender acknowledges the right to rescind or it so determined by a trier of fact, the borrower has only advanced a TILA claim seeking rescission. Id. "Otherwise, a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender actually committed any." Id. (emphasis in original). When the lender contests the notice of rescission, the Court is the appropriate decision maker to determine whether the right to rescission is available. Id. In such circumstances, the transaction is canceled only after the right to rescind is determined in the borrower's favor by the Court. Id.

As Plaintiff is suing for failing to honor rescission, and not for transaction violations, the action before this Court is one of failing to honor rescission. See Doc. No. 8 at 6. Defendant has contested the notice of rescission, and as a result, Defendant's compliance with the TILA's disclosure requirements is a triable issue of fact, rendering Plaintiff's claim for failing to honor rescission premature because there has been no adjudication that rescission is warranted. See FAC ¶ 6. It is premature to adjudicate the failure to honor rescission without first determining whether Defendant violated the TILA's disclosure requirements. Therefore, this Court concludes that Plaintiff's failure to honor rescission claim is not ripe.

Because this Court lacks subject matter jurisdiction over Plaintiff's claim for failure to honor rescission under the TILA, the claim is *sua sponte* DISMISSED without prejudice.

**B. Plaintiff's Remaining Claims**

Defendant moves to dismiss: (1) Plaintiff's claim under Perata on the ground that Plaintiff has not alleged any facts to show Defendant failed to contact Plaintiff before initiating foreclosure proceedings; and (2) Plaintiff's UCL claim on the ground that the predicate TILA and Perata claims fail.

//

**1. Perata Mortgage Relief Act, Cal. Civ. Code § 2923.5**

Plaintiff's second cause of action arises under the Perata Mortgage Relief Act, Cal. Civ. Code §2923.5 ("Perata"). Plaintiff alleges that Defendant "failed and refused to explore" his financial situation, and "failed to discuss options to avoid foreclosure." FAC ¶ 19. Defendant argues the FAC is deficient because there is no allegation Defendant failed to contact Plaintiff before initiating foreclosure proceedings, as required under Perata. Doc. No. 7 at 9.

Perata requires a lender to contact the borrower in good faith, in person or by telephone in order to assess the borrower's financial situation and explore options to avoid foreclosure, and Perata imposes a duty on the lender to attempt to negotiate with a borrower before recording a notice of sale. Cal. Civ. Code § 2923.5(a)(2), (c).

Defendant argues that the language in the FAC fails to state a claim under Perata. Doc. No. 7 at 10 (citing <u>Ortiz v. Accredited Home Lenders, Inc.</u>, 639 F. Supp.2d 1159 (S.D. Cal. 2009)). In <u>Ortiz</u>, the court found Plaintiffs failed to state a claim under Perata because they made no allegation that the lender failed to contact them prior to initiating foreclosure proceedings. <u>Ortiz</u>, 639 F. at 1166. Similarly, Plaintiff here has made no allegation that Defendant failed to contact him prior to initiating foreclosure proceedings. Plaintiff's FAC uses essentially the same language: "failed to discuss options to avoid foreclosure," as did the FAC in <u>Ortiz</u>: "failed and refused to explore such alternatives," without addressing whether Plaintiff was contacted or not. <u>See</u> FAC ¶19; compare <u>Ortiz</u>, 639 F.Supp.2d at 1166.

Upon review of the facts alleged in the FAC, this Court finds that Plaintiff has failed to state a claim under Perata because Plaintiff does not allege whether he was contacted or not. To state a claim under this statute, Plaintiff must allege that the lender both failed to explore options that could avoid foreclosure and failed to contact or attempt to contact Plaintiff. <u>See</u> <u>Ortiz</u>, 639 F.Supp.2d at 1166. Therefore, this Court GRANTS Defendant's motion to dismiss the Perata claim, and dismisses Plaintiff's claim without prejudice.

**2. California Business and Professions Code Section 17200 ("UCL")**

Finally, Defendant moves to dismiss Plaintiff's UCL claim on grounds that Plaintiff's predicate TILA and Perata claims fail.

Defendant argues that Plaintiff's UCL claim must be dismissed because the claim is predicated upon Plaintiff's TILA and Perata causes of action, which fail. Doc. No. 7 at 11. In opposition, Plaintiff contends that the predicate causes of action do not fail, and therefore the UCL claim is viable. Doc. No. 8 at 11-12.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A business practice can violate this section even if it is merely unfair and not unlawful. Gregory v. Albertson's, Inc., 104 Cal. App. 4th 845, 850 (2002). An act is "unlawful" under §17200 if it violates an underlying state or federal statute. Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). An Act is "unfair" if the act "threatens an incipient violation of antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law." Id. at 187. However, "a plaintiff alleging unfair business practice under UCL must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993).

The TILA and Perata claims are the basis for the UCL claim. See FAC ¶ 22-23. As Plaintiff's TILA and Perata claims are no longer viable, the underlying claims do not support Plaintiff's UCL claim. Therefore, this Court GRANTS Defendant's motion to dismiss Plaintiff's UCL claim without prejudice.[1]

//
//
//
//

---

[1] Because this Court dismisses Plaintiff's UCL claim, this Court will not address Defendant's argument that Plaintiff lacks standing to assert the UCL claim.

**C. Leave To Amend**

Plaintiff may seek to file an amended complaint that cures any deficiencies outlined by the Court. Because leave to amend is "freely given," see Fed. R. Civ. P. 15(a), this Court deems it appropriate to provide Plaintiff with the opportunity to cure any deficiencies of pleading. Therefore, Plaintiff is granted leave to amend his complaint in conformance with this order.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's claim pursuant to the TILA is *sua sponte* **DISMISSED**, and Defendant's motion to dismiss is **GRANTED IN PART** as follows:

1. Defendant's motion to dismiss Plaintiff's Perata claim is **GRANTED** without prejudice;
2. Defendant's motion to dismiss Plaintiff's UCL claim is **GRANTED** without prejudice; and
3. Plaintiff shall have thirty (30) days from the date of this order to file an amended complaint that cures the deficiencies outlined herein.

DATED: September 28, 2010

JOHN A. HOUSTON
United States District Judge